UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

NICHOLAS OUDEKERK,

                                    Plaintiff,              9:26-CV-0497
                                                            (ECC/CBF)
                v.


SGT. THOMAS, C.O. CRUM. C.O. MONDA,

                                    Defendants.

─────────────────────────────────

APPEARANCES:                                    OF COUNSEL:

NICHOLAS OUDEKERK
Plaintiff, pro se
15509
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845

ELIZABTH C. COOMBE
United States District Judge

### DECISION AND ORDER

I.      INTRODUCTION

        The Clerk has sent to the Court for review a pro se complaint filed by plaintiff Nicholas Oudekerk ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement in the custody of Warren County Correctional Facility as a pretrial detainee.  Dkt. No. 1, Complaint ("Compl.").[1]  Plaintiff, who is presently incarcerated at

---

[1]  Plaintiff previously filed a Section 1983 action against these defendants in this District.  *See Oudekerk v. Thomas et al.*, No. 9:24-CV-0109 (ECC/CBF) ("*Oudekerk I*").  The case was ultimately dismissed without prejudice because plaintiff successfully exhausted his claims after he commenced the 1983 action.  *See generally* Dkt. No. 53, Motion to Dismiss (seeking dismissal because the claim was unexhausted and failed to state a claim upon which relief could be granted); Dkt. No. 76, Report Recommendation (granting motion to dismiss in part, because the claims were unexhausted, and recommending that the dismissal be without

Warren County Correctional Facility, has not paid the statutory filing fee for this action and seeks leave to proceed in forma pauperis ("IFP").[2, 3]  Dkt. No. 5, Second IFP Application.

## II.    IFP STATUS

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of $405.00.  Even if a plaintiff financially qualifies for IFP status, the Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding IFP and without prepayment of the filing fee.  Section 1915(g) provides as follows

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

prejudice and with a right to refile a new action); Dkt. No. 79, Decision and Order (adopting the Report Recommendation); Dkt. No. 80, Judgment.  This  case is that refiled action.

[2] Over the past three years, plaintiff has filed eighteen other actions in this District.  *See Oudekerk v. Glens Falls PD Officer Doe 1*, No. 5:23-CV-0288 (BKS/TWD) (N.D.N.Y. filed Mar. 3, 2023); *Oudekerk v. Bateholts*, No. 5:23-CV-0608 (LEK/TWD) (N.D.N.Y. filed May 19, 2023); *Oudekerk v. Doe #1*, No. 9:24-CV-0113 (DNH/MJK) (N.D.N.Y. filed Jan. 23, 2024); *Oudekerk v. Hearing Officer Doe*, No. 9:24-CV-0111 (AMN/CFH) (N.D.N.Y. filed Jan. 23, 2024); *Oudekerk v. Curtis*, No. 9:24-CV-0144 (GTS/DJS) (N.D.N.Y. filed Jan. 30, 2024);  *Oudekerk v. Eldrige*, No. 9:24-CV-0309 (FJS/CFH) (N.D.N.Y. filed Mar. 4, 2024); *Oudekerk v. Lehoisky*, No. 1:24-CV-0311 (AMN/TWD) (N.D.N.Y. filed Mar. 4, 2024); *Oudekerk v. Springer*, No. 9:24-CV-0310 (DNH/ML) (N.D.N.Y. filed Mar. 4, 2024); *Oudekerk v. Canale*, No. 9:24-CV-0408 (LEK/DJS) (N.D.N.Y. filed Mar. 25, 2024); *Oudekerk v. Bolmen*, No. 9:24-CV-0654 (GTS/ML) (N.D.N.Y. filed May 13, 2024); *Oudekerk v. C.O. Doe*, No. 9:25-CV-0371 (ECC/TWD) (N.D.N.Y. filed Mar. 25, 2025); *Oudekerk v. Maille*, No. 1:25-CV-0919 (GTS/PJE), (N.D.N.Y. filed July 14, 2025); *Oudekerk v. Green*, No. 9:25-CV-1115 (BKS/TWD) (N.D.N.Y. filed Aug. 18, 2025); *Oudekerk v. Chiniak*, No. 9:25-CV-1747 (AJB/MJK) (N.D.N.Y. filed Dec. 12, 2025); *Oudekerk v. Warrington et al.*, No. 1:26-CV-0485 (AMN/PJE) (N.D.N.Y. filed Mar. 25, 2026); *Oudekerk v. Thomas*, No. 9:26-CV-0497 (ECC/CBF) (N.D.N.Y. filed Mar. 26, 2026); *Oudekerk v. Gillingham et al.*, No. 9:26-CV-0826 (AMN/CBF), (N.D.N.Y. filed Apr. 27, 2026); *Oudekerk v. State Police Officer Doe*, No. 1:26-CV-1194 (ECC/CBF) (N.D.N.Y. filed June 8, 2026); and *Oudekerk v. State Police Officer Doe*, No. 1:26-CV-1200 (AJB/DJS) (N.D.N.Y. June 9, 2026).

[3] On March 27, 2026, the case was administratively closed due to petitioner's failure to properly commence it as his IFP application was incomplete.  Dkt. No. 2, IFP Application; Dkt. No. 4, Administrative Order.  Petitioner was given thirty (30) days to either (1) pay the statutory filing fee or (2) submit a complete, properly certified IFP application.  Dkt. No. 4 at 3.  Petitioner timely filed a second IFP application, and the action was restored to the Court's active docket.  Dkt. No. 5, Second IFP Application; Dkt. No. 6, Text Order (reopening case).

28 U.S.C. § 1915(g).

If the plaintiff is indigent and not barred by § 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous, or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York.  Dkt. No. 5, Second IFP Application; Dkt. No. 3, Inmate Authorization Form.  Thus, the Court must determine whether plaintiff has "three strikes" and, if so, whether he is entitled to invoke the "imminent danger" exception to that rule.  *See* 28 U.S.C. § 1915(g).

## A.  Determination of "Strikes"

The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  On the basis of that review, the Court finds that, as of the date that plaintiff commenced this action, March 16, 2026,[4] plaintiff had acquired at least three strikes because he filed three previous civil actions while incarcerated that were dismissed based on frivolousness, maliciousness, or failure to state a claim upon which relief may be granted.  *See Oudekerk v. Curtis*, No. 9:24-CV-0144 (GTS/DJS), Decision and Order, Dkt. No. 8 (N.D.N.Y. Apr. 16, 2024) (dismissing plaintiff's amended complaint for failure to state a claim upon which relief could be granted in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)); [5] *Oudekerk v. Hearing Officer*

---

[4]  Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[5]  "A strike does accrue . . . if the plaintiff files an amended complaint and the amended complaint is dismissed for an enumerated reason," specifically that the amended complaint was dismissed as frivolous, malicious, or

*Doe et al.,* No. 9:24-CV-0111 (AMN/CFH), Decision and Order, Dkt. No. 10 (N.D.N.Y. May 24, 2024) (dismissing plaintiff's amended complaint for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e)(2)(B) and 1915A(b));[6] and *Oudekerk v. Lehoisky*, No. 1:24-CV-0311 (AMN/TWD), Memorandum-Decision and Order (N.D.N.Y. Nov. 17, 2025) (granting defendant's 12(b)(6) motion and ordering the complaint dismissed with prejudice because plaintiff's guilty plea and "subsequent conviction bar[] his Fourth Amendment claim for false arrest as a matter of law.").[7]

Thus, unless it appears that the "imminent danger" exception to the "three strikes" rule is applicable in this action, plaintiff may not proceed IFP.

## B. Applicability of the "Imminent Danger" Exception

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the

---

failing to state a claim. *Cotton v. Noeth*, 96 F.4th 249, 256 (2d Cir. 2024) (referencing 28 U.S.C. § 1915(g)). Here, because plaintiff's amended claim was dismissed for failing to state a claim, it constitutes a strike.

[6] "A strike does accrue . . . if the plaintiff files an amended complaint and the amended complaint is dismissed for an enumerated reason," specifically that the amended complaint was dismissed as frivolous, malicious, or failing to state a claim. *Cotton v. Noeth*, 96 F.4th 249, 256 (2d Cir. 2024) (referencing 28 U.S.C. § 1915(g)). Here, because plaintiff's amended claim was dismissed for failing to state a claim, it constitutes a strike.

[7] The Second Circuit has explained that "[a] prior dismissal qualifies as a strike only where the *entire* action or appeal was dismissed as frivolous, malicious, or for failure to state a claim. . . . Thus, a mixed dismissal, in which claims are dismissed on both § 1915(g) and non-§ 1915(g) grounds, does not constitute a strike. However, where a dismissal rests on several alternative grounds for one or more claims, it counts as a strike if each claim brought in the lawsuit is dismissed on a basis that would independently justify a strike." *Kaminiski v. Kennedy*, No. 22-2084, 2024 WL 1664771, at *2 (2d Cir. Apr. 18, 2024) (internal quotation marks and citations omitted) (emphasis in original). Here, plaintiff's entire action was dismissed for his failure to state a claim upon which relief could be granted, as the single claim that he chose to move forward with was ultimately determined to be legally barred.

4

time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. Both requirements must be met in order for the three-strikes litigant to proceed IFP. *Id.*

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-CV-61, 2008 WL 5382353, at *1, n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases). Where the plaintiff is proceeding pro se, his complaint should be liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citations omitted). Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if

the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id*. (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003)).  Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical." *Nelson v. Nesmith*, No. 06-CV-1177 (TJM), 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

Petitioner initially brought this challenge in 2024, when he filed *Oudekerk I*, and then re-filed the instant action on March 26, 2026. *See* Compl.; *see also Oudekerk I*.  When plaintiff filed his pleadings, in both *Oudekerk I* and this action, he was a pretrial detainee housed at Warren County Jail, where he remains in custody today.  *See* VINElink, https://www.vinelink.com/search/persons;limit=20;offset=0;showPhotos=false;isPartialSearch =false;siteRefId=NYSWVINE;personFirstName=nicholas;personLastName=oudekerk;stateSe rved=NY (last visited June 26, 2026).[8]

In his complaint, plaintiff claims that, in December of 2023, defendants Sergeant Thomas and Corrections Officer Crumb used excessive force when they unnecessarily and unlawfully deployed a chemical agent upon plaintiff knowing that plaintiff was allergic to the substance.  Compl. at 5, 8, 11-14.  Further, Corrections Officer Monda failed to protect plaintiff from the unlawful deployment of the chemical agent as he was in close proximity to where this all occurred.  *Id.* at 15-16.

Specifically, plaintiff explained that, on the day in question, he was having a conversation with another inmate.  Compl. at 5.  Monda indicated that the individuals were arguing; however, plaintiff states that they were not and Monda only silently walked between

---

[8]  "VINE is the nation's leading victim notification network [which] allows [the general public] . . . to access timely and reliable information about offenders or criminal cases in U.S. jails and prisons."  VINE *available at* https://www.vinelink.com/.

the two individuals during their discussion. *Id.* at 5-6. Monda then gave the order for all inmates to return to their cells. *Id.* at 6. At the time of the order, plaintiff was in the shower, thus he required additional time to rinse off his body and get dressed before returning to his cell. *Id.* Thomas and Crumb approached the shower area and rushed plaintiff to get dressed. *Id.* The two men stated plaintiff was swearing at them and refusing to return to his cell; however, plaintiff denies these assertions. *Id.* at 7.

To purportedly help expedite plaintiff's return to his cell, Crumb tossed plaintiff's clean boxers into the shower area; however, plaintiff claims Crumb intentionally threw the boxers onto the dirty and wet floor. Compl. at 7. Plaintiff refused to put them on. *Id.* at 8. Thomas offered to get a clean pair for plaintiff and instead returned with a blanket and ordered Crumb to spray chemical agents on plaintiff. *Id.* The chemical was deployed despite plaintiff's warnings that he was allergic to the substance. *Id.* at 11. The chemicals were sprayed nonetheless. *Id.* at 12-14.

As a result, petitioner's throat began to swell and cause him pain. Compl. at 9. Plaintiff was "unable to eat [his] next meal [and he] was in pain for a while [during his] next several meals [rendering them] difficalt to eat[.]" *Id.*

Construing plaintiff's complaint with the leniency that the Court must afford a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff's allegations do not plausibly suggest imminent danger of serious physical injury when he filed the complaint. While plaintiff remains a pretrial detainee at the same facility where the alleged excessive use of force happened, the Second Circuit – consistent with other courts across the country – has made clear that allegations of past wrongs do not show an imminent danger existed when this action was brought. *See Pettus*, 554 F.3d at 296 (risk of serious physical harm must

7

exist at the time the complaint is filed); *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2000) (past harm does not provide basis for avoiding three-strikes rule); *see also King v. Livingston*, 212 Fed. Appx. 260, 262 (5th Cir. 2006) (allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger); *Foust v. Perez*, No. 2:23-CV-0179, 2026 WL 1021072, at *2 (E.D. Cal. Apr. 15, 2026) (holding that the "imminent danger exception does not apply . . . [where p]laintiff does not allege any ongoing danger as a result of [a] one-time use of excessive force," that took place multiple weeks prior to the filing of his complaint).

Furthermore, plaintiff's pleading fails to explain how an incident that occurred two and a half years ago has continued to create "a threat or prison condition [that] is real and proximate, and whe[re] the potential consequence is 'serious physical injury.'" *Flemming v. Kemp,* No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010); *see, e.g., Sankara v. Gonyea*, No. 9:18-CV-0534 (MAD/DJS), 2018 WL 3384460, at *3 (N.D.N.Y. June 8, 2018) (finding that the allegations did not support a claim of imminent danger of serious physical injury where "[a]ny danger posed by defendants' alleged use of excessive force against [plaintiff] in January 2018, had clearly dissipated by the time plaintiff signed his complaint on April 30, 2018.") (citing *Pettus*, 554 F.3d at 296); *Bonano v. Costello*, No. 9:19-CV-0671 (GTS/CFH), 2019 WL 3081058, at *4 (N.D.N.Y. July 15, 2019) (reaching same conclusion that imminent danger had dissipated where excessive force occurred in October 2018 and the complaint was signed on December 20, 2018); *cf. Chavis*, 618 F.3d at 170 ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.").

8

Based upon the foregoing, the Court finds that plaintiff is barred under Section 1915(g) from proceeding with this action IFP because he has three "strikes" and has not demonstrated the applicability of the "imminent danger" exception.

## III.    LEAVE TO AMEND

In light of plaintiff's pro se status, the Court will give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170. Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct that violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred and five dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.[9]

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Second IFP Application, Dkt. No. 5, is held in abeyance; and it is further

---

[9]    Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice. *See Chavis*, 618 F.3d at 170.

**ORDERED** that within thirty (30) days of the date of this Decision and Order, plaintiff shall either (i) pay the Court's filing fee of four hundred and five dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

Dated: July 1, 2026

Elizabeth C. Coombe
U.S. District Judge